```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,              |
                                       |
                                       |   S9 05 Cr. 774 (KMW)
     -against-                         |
                                       |        ORDER
SALVATORE BATTAGLIA,                   |
     a/k/a "Hot Dogs"                  |
                                       |
               Defendant.              |
---------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

On December 10, 2007, the Government issued a Superseding Indictment (S9 05 Cr. 774) against Defendant Salvatore Battaglia, charging him with racketeering, conspiracy to commit racketeering, receipt of unlawful labor payments, conspiracy to receive unlawful labor payments, obstruction of justice, conspiracy to obstruct justice, conspiracy to commit extortion, and witness tampering. This case is set for trial on Tuesday, January 22, 2008.

On November 15, 2007, Defendant filed several motions in limine seeking various pretrial rulings ("Omnibus Motion"). By letters dated December 27, 2007, and January 3, 2008, Defendant filed additional motions in limine. The Government opposed a number of these motions.

In letters dated December 31, 2007, January 2, 2008, and January 9, 2008, the Government also moved for various pretrial rulings on the admissibility of certain evidence. Defendant opposed some of these motions.

The Court first addresses Defendant's motions in limine, in the order in which they were presented in Defendant's submissions.

1

First, with respect to Defendant's motion for disclosure of the Government's files concerning Julius "Spike" Bernstein (Omnibus Motion 7), the Government has stated that the requested material is not exculpatory, and therefore not subject to disclosure under Brady v. Maryland, 373 U.S. 83 (1963). Defendant has given no legal support for his other grounds for disclosure of this material, and thus this motion is denied, without prejudice.

Second, Defendant's motion for notice of the Government's intention to use Rule 404(b) evidence is moot (Omnibus Motion 12), because the Government has agreed to produce any such evidence at least 14 days before trial, in accordance with the standard practice in this district (Opp'n 5).

Third, the Court cannot tell from the parties' submissions whether Defendant's motion to preclude evidence submitted pursuant to Rules of Evidence 404(b) ("Other Crimes, Wrongs or Acts") and 609 ("Impeachment by Evidence of Conviction of Crime") is moot. (Omnibus Motion 14.) Defendant shall renew this motion by January 16, 2008, if it is not moot.

Fourth, the Court denies Defendant's motion for a hearing on the "factual basis" of the Government's contention that certain recorded conversations, which the Government seeks to introduce at trial, were conducted in coded language.[1] (Omnibus Motion 20.)

---

[1] Defendant also moved for disclosure of the "qualification of the expert(s) whom [the Government] intends to offer to testify as to the meaning of the 'codes.'" (Omnibus Motion 20.) This motion is moot because the Government has stated that it does not intend to call any expert on the meaning of these coded conversations. (Opp'n 4.)

Whether such conversations were conducted in coded language, and the ultimate interpretation of any allegedly coded or ambiguous conversations, are issues of fact for the jury.

Fifth, with respect to Defendant's motion for a hearing on the audibility of any tape recordings the Government intends to offer at trial (Omnibus Motion 22), the Court notes that an audibility hearing was held on July 21, 2006, in connection with tape recordings used at the trial of Defendant's alleged co-conspirators. If the recordings the Government intends to introduce in the instant case are the same as those introduced in the earlier case, no separate audibility hearing in this case would be warranted, given that Defendant participated fully in the prior hearing. It is unclear, however, whether the Government intends to introduce in the instant case, only the same recordings as those ruled upon at the July 21, 2006 hearing. Accordingly, no later than January 16, 2008, the Government shall state whether the recordings it will seek to introduce at Defendant's trial are the same recordings ruled upon at the July 21, 2006 audibility hearing.

Sixth, Defendant's motion for disclosure of all Giglio material is moot, because the Government has stated that it is aware of its ongoing obligation under Giglio v. United States, 405 U.S. 150 (1972), and will comply in a timely fashion should such material be discovered. (Opp'n 5.)

Seventh, Defendant's motion for disclosure of all Brady material is moot for the reasons stated immediately above. (Opp'n

5.)

Eighth, the Court denies Defendant's motion for early disclosure of all "Jencks Act" material.  The Jencks Act requires disclosure of a testifying witness's prior statements only <u>after</u> direct examination of that witness, 18 U.S.C. § 3500(a), and the Court may not otherwise compel the early disclosure of such material over a party's objections, <u>see</u> <u>id.</u>; Fed. R. Crim. P. 26.2(a); <u>United States v. Percevault</u>, 490 F.2d 126, 131-32 (2d Cir. 1974).  However, the Court encourages the parties to engage in pretrial disclosure of this material in the interests of "sound trial management."  See <u>Percevault</u>, 490 F.2d at 131-32.

Ninth, Defendant's motion for discovery and inspection pursuant to Federal Rule of Criminal Procedure 16 is moot; the Government has stated that it has already produced its required Rule 16 discovery at this time.  (Opp'n 5.)

Tenth, the Court cannot tell from the parties' submissions whether the request for an order requiring all government law enforcement officers and agents, and government attorneys who were involved in this case to retain and preserve any "rough notes and writings" is moot.  (Omnibus Motion 45.)  Defendant shall renew this motion by January 16, 2008 if it is not moot.

Eleventh, the Court denies Defendant's motion for an order requiring the Government to make available a list of documents it intends to use at trial.  (Omnibus Motion 48.)  Defendant provides no legal basis for the relief sought, nor does Defendant provide

4

any evidence, apart from conclusory assertions, that the Government's trial evidence is otherwise inaccessible. In fact, the Government has stated that Defendant may inspect the Government's evidence upon request. (Opp'n 5.)

Twelfth, Defendant's motion to incorporate and adopt motions of previous counsel is improper. No later than January 16, 2008, Defendant shall either (1) specify which of previous counsel's motions it wishes the Court to address, and provide any supplemental briefing required, or (2) withdraw the motion in full.

Thirteenth, the Court will rule on whether Defendant may file additional motions at the time such motions are made.

Fourteenth, the Court directs the Government to respond to Defendant's motion for disclosure of the Government's files pertaining to certain witnesses identified in the complaint filed in <u>United States v. Berger</u>, 07 Mag. 2117. The Government's response is due to the Court no later than January 16, 2008.

Fifteenth, the Court denies Defendant's motion to strike all references to organized crime in the Superseding Indictment. Although the Superseding Indictment focuses on the activities of Local 1181, the activities of the Genovese Organized Crime Family (the "GF") are still relevant to the case insofar as the Government alleges that the GF exerted considerable influence over the activities of the union.

The Court now turns to the Government's motions <u>in limine</u>. First, the Court grants the Government's motion to admit the expert

5

testimony of John Carillo. (Gov't Ltr. 2, Dec. 31, 2007.) The Government intends to call Mr. Carillo as an expert on the structure and operation of organized crime generally. Such testimony is regularly deemed admissible evidence, <u>United States v. Locascio</u>, 6 F.3d 924 (2d Cir. 1993), and was admitted as evidence in the Fall 2006 trial of Defendant's alleged co-conspirators. The Court will review any specific objection to Mr. Carillo's testimony if and when Defendant makes such an objection.

Second, the Court grants the Government's motion to admit a GF induction list, which includes the name "Sal (Hot Dogs) Battaglia" in the column listing proposed new members. (Gov't Ltr. 4, Dec. 31, 2007.) The induction list is properly admitted as a non-hearsay statement of a co-conspirator pursuant to Federal Rule of Evidence 801(d)(2)(E).

Third, with respect to the Government's motion to exclude evidence of Defendant's performance as President of Local 1181 (Gov't Ltr. 1, Jan. 2, 2008), the Court has insufficient information to determine whether such evidence is inadmissible. The Government contends that such evidence is irrelevant to the issues at trial, and will "invite a distracting mini-trial into the substantive merits and demerits of Battaglia's presidency." (Gov't Ltr. 1, Jan. 2, 2008.) Defendant argues that evidence that he was "a good and honest union president" may be relevant to the defense's theory that the GF had a "motive to incriminate" Defendant. (Def.'s Ltr. 1-2, Jan. 7, 2008.) Defendant does not,

however, provide the Court with adequate information to determine whether such evidence is in fact relevant to his defense. Accordingly, no later than January 16, 2008, Defendant shall submit to the Court specific examples of what evidence he intends to present with respect to his performance as union president, and how precisely such evidence is relevant to his defense. Defendant's submission on this issue may be made ex parte.

Fourth, the Court grants the Government's motion to exclude evidence of Julius "Spike" Bernstein's status as a cooperating witness. (Gov't Ltr. 1, Jan. 2, 2008.) Such evidence is not relevant to the issue of whether Defendant committed the crimes charged, and is inadmissible pursuant to Rule of Evidence 401. Moreover, Defendant's arguments that Mr. Bernstein's status as a cooperator somehow bears on the credibility of other government witnesses is purely speculative.

Fifth, the Court grants the Government's motion to exclude any evidence of Defendant's family and personal status. (Gov't Ltr. 2, Jan. 2, 2008.) The evidence Defendant has described in this regard appears not to be relevant to the issue of whether Defendant committed the crimes charged, and would thus be inadmissible pursuant to Rule of Evidence 401. The Defendant may renew this motion, if such information should become relevant.

Sixth, the Court grants in part the Government's motion to admit certain evidence of criminal acts that are not specifically charged in the Superseding Indictment. (Gov't Ltr., Jan. 9, 2008.)

Specifically, the Court grants the Government's motion to admit evidence of the uncharged crimes listed as numbers 1, 3, and 5, in their letter to the Court, dated January 9, 2008. With respect to the uncharged crime listed as number 2 in the Government's letter, the Government shall submit a revised version of that paragraph, correcting the incomplete sentence contained therein, by January 16, 2008.

A pretrial conference in this case shall be held on January 18, 2008 in Courtroom 15B, United States District Court, 500 Pearl Street, New York, NY 10007 at 11:30 a.m. The parties shall be prepared to address, among other things, any remaining motions in limine and their proposed voir dire questionnaires.

SO ORDERED.

Dated: New York, New York
January 14, 2008

_____
Kimba M. Wood
United States District Judge